1
2
3
4
5
6               **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8
9
UNITED STATES OF AMERICA,                    CASE NO. CR F 99-5281 LJO
10
                    Plaintiff,                **ORDER ON MOTION TO REDUCE**
11                                             **SENTENCE**
        vs.
12                                             (Doc. 75.)
JOSE PARTIDA-VARGAS,
13
                    Defendant.
14
_____/
15

16          On May 22, 2000, defendant Jose Partida-Vargas ("defendant") entered a guilty plea to a

17   methamphetamine manufacture and distribution charge. On October 16, 2000, defendant was sentenced

18   to a 188-month prison term and five years supervised release.

19          Defendant seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)")

20   based on retroactive application of a recent amendment to U.S. Sentencing Guidelines ("USSG") § 2L1

21   (smuggling, transporting, or harboring an unlawful alien). "As a general matter, courts may not alter a

22   term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir.

23   2007). Section 3582(c)(2) creates an exception to modify a prison term if: (1) the sentence is "based on

24   a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such

25   a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

26   *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009) (quoting section 3582(c)(2)). USSG § 1B1.10

27   addresses prison term reduction as a result of an amended guideline range and excludes a reduction

28   under section 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering

                                              1

the defendant's applicable guideline range."

Defendant's base offense level was grounded on a drug offense and USSG § 2D.1.1 (unlawful manufacturing, importing, exporting, or trafficking; attempt or conspiracy). USSG § 2L1 is inapplicable and defendant is otherwise ineligible for a sentence reduction under USSG § 2D1.1.

Defendant further seeks to reduce his supervised release to two years based on purported USSG changes. However, 21 U.S.C. 841(b)(1)(A) retains a mandatory five-year supervised release. In the absence of amendment to the statute, the five-year supervised release remains effective.

For the reasons discussed above, this Court DENIES defendant a sentence reduction and related relief.

IT IS SO ORDERED.

**Dated:    April 9, 2012**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE