# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR F 99-5281 LJO |
|---|---|
| Plaintiff, | **ORDER TO DENY RELIEF** |
| vs. | (Docs. 82, 83.) |
| JOSE PARTIDA-VARGAS, | |
| Defendant. | |

This Court's April 9, 2012 order ("April 9 order") denied defendant Jose Partida-Vargas ("defendant") a sentence reduction and related relief in that defendant's base offense and applicable sentencing guideline were not subject to retroactive application of amendment to the U.S. Sentencing Guidelines. Defendant filed April 24, 2012 papers, which this Court construes as an attempt to further support defendants' sentence reduction motion or to seek reconsideration of denial of his sentence reduction.

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). The April 9 order explained that defendant is not entitled to a sentence reduction, and defendant's recent papers offer nothing to support a sentence reduction.

Moreover, a basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989); *see Caldwell v. U.S.*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (reconsideration motions must be supported "by a showing of extraordinary circumstances which justify relief").

A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter

previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Defendant offers nothing to support the extraordinary remedy of reconsideration. Defendant appears to contend that this Court erred to deny sentence reduction. Defendant points to neither legal error nor legitimate grounds to revisit his sentence. No manifest error of law or fact arises to justify reconsideration.

In addition, a request for extension of time is deemed moot.

This Court DENIES defendant's requested relief and need not comment further on defendant's sentence.

IT IS SO ORDERED.

**Dated:   April 25, 2012**                              /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE